In re:

Macal, Mark Alan & Karen Sue

PreConfirmation Modified
Chapter 13 Plan
Dated 06/04/09

**DEBTOR(S)**
In a joint case, debtor
means debtors in this plan

Case No. 09-32944

1. **DEBTOR'S PAYMENTS TO TRUSTEE-**
   a. As of the date of the plan, the debtor has paid the Trustee $_____.
   b. After the date of this plan, the debtor will pay the trustee $ 1325 per month for 60 months, beginning within 30 days after the order for relief for a total of $ 79500.
   Minimum plan length is 60 months from the date of the initial plan payment unless all allowed claims are paid in less time.
   c. The debtor will also pay the trustee _____.
   d. The debtor will pay the trustee a total of $ 79500.

2. **PAYMENTS BY TRUSTEE** - The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 7950.00.

3. **ADEQUATE PROTECTION PAYMENTS** - The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of months | Total Payments |
|---|---|---|---|---|
| a. | | 0.00 | 0 | 0.00 |
| b. | | 0.00 | 0 | 0.00 |
| | | | TOTAL | $ |

4. **EXECUTORY CONRACTS & UNEXPIRED LEASES [§365]**-The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| | Creditor | Description of Claim |
|---|---|---|
| a. | | |
| b. | | |

5. **CLAIMS NOT IN DEFAULT** - Payments on the following claims are current, & the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| | Creditor | Description of Claim |
|---|---|---|
| a. | 2004 Honda Accord & 1997 Searay-Wings, 2006 Ford F350-Ford Motor Credit | |
| b. | 2007 Keystone-GEMB | |
| c. | | |

6. **HOME MORTGAGES IN DEFAULT [§1322(b)(5) & §1322(e)]** - The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain their liens.
*All following entries are estimates.* The trustee will pay the actual amounts of default.

| | CREDITOR | AMOUNT OF DEFAULT | MONTHLY PAYMENT | BEGINNING IN MONTH # | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | US Bank-1st mortgage | $ 4805.17 | $ 1049.50 | 4 | 5 | $ 4805.17 |
| b. | TCF-2nd mortgage | $ 711.76 | $ 143 | 3 | 5 | $ 711.76 |
| c. | | $ | $ | | | $ |
| | TOTAL | | | | | $ 5516.93 |

7. **CLAIMS IN DEFAULT [§1322(B)(3) & 5 & §1322(E)]** - The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates except for interest rate.*

| | Creditor | Amount of Default | Int Rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|---|
| a. | | $ | $ | | | | $ |
| b. | | $ | $ | | | | $ |
| c. | | $ | $ | | | | $ |
| | TOTAL | | | | | | $ |

8. **OTHER SECURED CLAIMS, SECURED CLAIM AMOUNT IN PLAN CONTROLS [s.1325(a)(5)] - The trustee will pay the following allowed secured claims the amount set forth in the "Total Payments" column below. Creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. S. 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.**

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # | (Monthly Payment) | X (No. pmts) | = Payments on account of claim | + (Adequate protection from P. 3) | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | |
| b. | | | | | | | | | |
| c. | | | | | | | | | |
| d. | | | | | | | | | |
| e. | | | | | | | | | |
| f. | | | | | | | | | |
| g. TOTAL | | | | | | | | | |

9. **PRIORITY CLAIMS** - The trustee shall pay in full all claims entitled to priority under sec. 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 2750.00 | $ 1192.50 | 1 | 3 | $ 2750.00 |
| b. Domestic Support | $ | $ | | | $ |
| b. Internal Revenue Service | $ 2134.94 | $ Pro Rata | | | $ 2134.94 |
| c. Minn. Dept. of Revenue | $ 1053.37 | $ Pro Rata | | | $ 1053.37 |
| e. | $ | $ | | | $ |
| f. TOTAL | | | | | $ 5938.31 |

10. **SEPARATE CLASS OF UNSECURED CREDITORS** - In addition to the class of unsecured creditors specified in paragraph 11, there shall be a separate class of nonpriority unsecured creditors described as follows:

The trustee will pay the allowed claims of the following creditors.      *All entries below are estimates.*

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # |
|---|---|---|---|---|
| a. | | | | |
| b. | | | | |

11. **TIMELY FILED UNSECURED CREDITORS** - The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under paragraphs 2, 3, 5, 6, 7 and 8 their pro rata share of approximately    $ 60,094.76   [line1(d) minus lines 2, 3(c), 5(d) and 8(b)].
    a. The debtor estimates that the total unsecured claims held by creditors listed in paragraph 8 are
    b. The debtor estimates that the total unsecured claims (excluding those in paragraphs 8 & 10 are    $ 53,745
    c. Total estimated unsecured claims are     $ 53,745    [line 9(a) plus line 9(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** - All money paid by the debtor to the trustee under paragraph 1, but not distributed by the trustee under paragraphs 2, 3, 4, 6, 7, 8 ,9, 10, or 11 shall be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** - To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. Please note: Child Suppot collections is authorized to continue automatic wage withholding for ongoing, post-petition child support. Child Support Collections may obtain, modify & enforce the debtor's current ongoing child support obligation, including medical support & child care, including wage withholding. All the debtor's All the debtor's projected disposable income in the applicable commitment period beginning on the date the first plan payment is due will be applied to make payments under the plan. Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured as set forth in Paragraph 11 above. Debtor(s) shall be entitled to the first $1200 of each tax refund, and any remaining balance shall be paid to the trustee unless the debtor(s) can show good cause to retain the remainder. Any earned Income Credit shall be retained by the debtors(s).

-Direct payments shall be made on 2006 Ford F350-Ford Motor Credit, 2004 Honda Accord-Wings Financial Credit Union & 1997 Searay-Wings Financial Credit Union, 2007 Keystone Laredo Camper-GEMB. Payments shall not increase when loans are paid of as debtor's anticipate needing to do repairs on the above mentioned items.
-Debtor's to surrender 2007 Canam Renegade 4Wheeler to GE Money and the leased 2007 Suburban to GMAC, the secured lien holders thereon, upon confirmation of the plan. Any deficiency claims thereon shall be paid as a general, unsecured claim.

**14. SUMMARY OF PAYMENTS - ESTIMATED**

| | |
|---|---|
| Trustee's fee [Line2] | $ 7,950.00 |
| Home Mortgage Defaults [Line 6(d)] | $ 5,516.93 |
| Claims in Default [Line 7(d)] | |
| Other Secured Claims [Line 8(g)] | |
| Priority Claims [Line 9(f)] | $ 5,938.31 |
| Separate Class [Line 10(c)] | |
| Unsecured Creditors [Line 11] | $ 60,094.76 |
| TOTAL [Must equal Line 1(d)] | $ 79,500.00 |

**Law Office of Curtis K. Walker**
**Curtis K. Walker, #113906**
**Mary C. Hoben, #335411**
**4356 Nicollet Avenue South**
**Minneapolis, MN 55409**
**(612) 824-4357**

Signed  /E/_____
          **Debtor**

Signed  /E/_____
          **Joint Debtor**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:                                                                Case no. BKY 09-32944
Macal, Mark & Karen

                                                                        Chapter 13 case
                     Debtor(s),

NOTICE OF CONFIRMATION HEARING
AND NOTICE OF MODIFIED PLAN

To: The Chapter 13 Trustee, The U.S. Trustee, and the other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a preconfirmation modified plan and it will be considered at the Confirmation Hearing in this case set forth below.

2. The court will hold a hearing on this motion at 10:30 a.m. on July 16, 2009 in Courtroom 2B, 2nd Floor, 316 North Robert Street St Paul, Minnesota before the Honorable Dennis D. O'Brien, Bankruptcy Judge.

Dated: June 18, 2009

                                              /e/ Curtis K. Walker
                                              Curtis K. Walker, #113906
                                              Mary C Hoben, #335411
                                              Attorney for Debtor(s)
                                              4356 Nicollet Avenue South
                                              Minneapolis, MN 55409
                                              (612) 824-4357

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:                                                                  Case no. BKY  09-32944
Macal, Mark & Karen

                                                                        Chapter 13 case
                    Debtor(s),

UNSWORN CERTIFICATE OF SERVICE

      I, Meara White, declare under penalty of perjury that on June 18, 2009, I mailed copies of the foregoing Modified Plan and Notice of Confirmation Hearing and Notice of Modified Plan by first class mail postage prepaid to each entity named below at the address stated below for each entity:

All Creditors on attached list

Executed on:  June 18, 2009                              /e/ Meara White

```
Best Buy Corporate Customer Care
PO Box 9312
Minneapolis, MN 55440


Best Buy Retail Services
PO Box 15521
Wilmington DE 19850-5521


Bruce W Vail
Revenue Collection Officer
551 Bky Section PO Box 64447
St Paul MN 55164


Capital One
PO Box 60599
City of Industry CA 91716-0599


Capital One Bank
30285
Salt Lake City UT 84130-0285


Capital One Bankruptcy Dept
PO Box 85167
Richmond VA 23285


Chase
PO Box 15298
Wilmington DE 19850-5298


Chase Visa
PO Box 15298
Wilmington DE 19850-5298


Crestridge Dental
The Finest Dental Care
50 East McAndrews Road
Burnsville MN 55337
```

```
Direct Merchants
PO Box 5241
Carol Stream IL 61097-5241



Ford Motor Credit
PO Box 537901
Livonia MI 48153-7901



GE Money Bank
PO Box 981438
El Paso TX 79998-1438



GE Money Bank
c/o University Fidelity LP
PO Box 941911
Houston, TX 77094-8911



GE Money Bank/Paypal Dual Card
c/o CAC Financial Crop
2601 NW Expressway Suite 1000 East
Oklahoma City Oklahoma 73112-7236



GEMB Lending
PO Box 51826
Los Angelos Ca 90051-6126



GMAC
PO Box 380902
Bloomington, MN 55436-0902



GMAC
PO Box 3100
Midland TX  79702



HSBC Bank Nevada
PO Box 5244
Carol Stream IL 60197-5244
```

```
HSBC Bank Nevada
c/o Resurgent Capital Services
c/o Creditors Interchange
PO Box 1335
Buffalo NY 14240-1335

HSBC Card Services
c/o Accounts Receivable Management Inc
PO Box 129
Thorofare NJ 08086-0129


HSBC Visa
HSBC Card Services
PO Box 80084
Salinas, CA 93912-0084



Internal Revenue Service
Po Box 21126
Philadelphia PA 19114-0326



JCPenney
PO Box 981131
El Paso, TX 79998



John Deere Credit
6400 NW 86th Street
PO box 6600
Johnston Iowa 50131-6600


Jupiner
PO Box 9901
Wilmington, DE 19998-8801



Kohl's
PO Box 3043
Milwaukee WI 53201-3043



Law Offices of Curtis K. Walker
4356 Nicollet Ave So
Minneapolis, MN 55409
```

Mastercard Credit Card

Orchard Bank/HSBC Card Services
PO Box 80084
Salinas, CA 93912-0084

Providian
Po Box 9016
Pleasanton CA 94566-9016

Providian Mastercard and Vis
PO Box 660548
Dallas, TX 75266-0548

Sears
PO box 6283
Sioux Falls SD 5717-6283

TCF National Bank
Customer Service MC 002-01-P
101 East 5th Street Suite 101
St Paul MN 55101

The Home Depot Credit Services
PO Box 689100
Des Moines IA 50366-9100

US Bank Home Mortgage
4801 Frederica Street
Owensboro KY 42301

Wells Fargo Card Services
PO Box 10347
Des Moines IA 50306

```
Wells Fargo Financial Bank
c/o Daniel D Hill
7373 Kirkwood Court, Suite 305
Maple Grove, MN 55369


Wings Financial
14085 Glazier Avenue Suite 100
Apple Valley MN 55121-6539


Wings Financial Credit Union
14085 Glazier Avenue Suite 100
Apple Valley, MN 55121-6539


Wings Financial Federal Credit Union
13985 Glazier Avenue Suite 100
Apple Valley MN 55121-6639


Wings Financial Federal Credit Union
14085 Glazier Avenue Suite 100
Apple Valley, MN 55121-6539
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

    Macal, Mark Alan & Karen Sue
               Debtor(s)　　　　　　　　**SIGNATURE DECLARATION**

                                                     Case no. BKY  **09-32944**

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
_X_ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

  I [WE], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

* The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

* The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

* [individual debtors only] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

* I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

* [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 6/17/09

X _(signed) Mark Macal 6-17-09_    X _(signed) Karen Macal 6-17-09_
Signature of Debtor or Authorized Representative    Signature of Joint Debtor

X _Mark Macal_    _Karen Macal_
Printed Name of Debtor or Authorized Representative    Printed Name of Joint Debtor